RECEIVED

MAR 2 1 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| RYAN MARINE SERVICES, INC., ET AL | CIVIL ACTION NO. 06-2245 (LEAD) |
| | 08-0167 (MEMBER) |
| VERSUS | JUDGE DOHERTY |
| HUDSON DRYDOCKS, INC. | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Pending before the Court are two motions: (1) Motion for Summary Judgment [Doc. 149] filed by third-party defendant J&T Contractors, Inc. ("J&T"); and (2) Motion for Summary Judgment [Doc. 150] filed by J&T's insurer, Alea London Ltd. ("Alea"). In its motion, J&T seeks dismissal of "the claims asserted against it by Ryan Marine Service, Inc. and Columbia Star, Inc.," explaining in its memorandum in support that Ryan's and Columbia's "action against it is time barred by the doctrine of laches." Alea's motion adopts the rationale of J&T's motion and requests the same relief. Plaintiffs filed an opposition brief, as did defendant and third-party plaintiff Hudson Drydocks, Inc. Without seeking leave of court, J&T filed two reply briefs – one to the opposition brief of plaintiffs [Doc. 182], the other to the opposition brief of Hudson [Doc. 180] – neither of which has been considered by this Court in light of J&T's failure to obtain leave to file them. For the same reasons, Alea's two purported reply briefs [Docs. 181 & 183] have not been considered by this Court. All four reply briefs [Docs. 180, 181, 182 & 183] are hereby STRICKEN from the record.

For the following reasons, the Motions for Summary Judgment [Docs. 149 & 150] are DENIED.

In their motions, J&T and Alea argue "[u]nder the admiralty doctrine of laches, a maritime claim is extinguished if the party asserting the claim unreasonably delays commencing the action to the prejudice of the other party." J&T cites *The Key City*, 81 U.S. 653 (1871) in support of its argument. Without identifying what claims plaintiffs have pled against J&T directly, the facts underlying those claims, or what law governs each claim asserted against J&T, J&T and Alea go on to argue that courts consider analogous state prescriptive periods to be relevant when considering the defense of laches. Citing no jurisprudential or statutory authority, J&T argues "[in this case, the analogous statue [sic] of limitation[s] is one year as set forth in Louisiana Civil Code article 3492[1] governing delictual actions." J&T then argues plaintiffs cannot show the nearly four-year delay in which it took to assert their claims against J&T is excusable, and that, furthermore, the delay has clearly prejudiced J&T. Therefore, J&T and Alea seek dismissal of "[p]laintiffs claims" against them, with prejudice.

In response, plaintiffs argue "the instant claims against J&T were not based exclusively in tort, but also based on breach of warranty of workmanlike performance (based on Ryan Marine's contract with Hudson and Hudson's contract with J&T)," and therefore, the more analogous ten-year prescriptive period of either Article 3499[2] or Article 3500[3] of the Louisiana Civil Code apply,

---

[1] Article 3492 states:

> Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.

La. Civ. Code art. 3492 (West 2011).

[2] Article 3499 states:

> Unless otherwise provided by legislation, a personal action is subject to a

therefore, plaintiffs' "claims" are not prescribed.

The foregoing highlights the manner in which the parties have addressed the majority of the legal issues they have placed before the Court. In its motion, J&T does not identify which specific claims are pled by plaintiffs against it; presents a bare-bones description of the facts that give rise to the "claims" ostensibly pled by plaintiffs against J&T; and provides this Court with no meaningful discussion of what law applies to the claims pled by plaintiffs. Rather, J&T begins and ends its analysis with the unsupported presumption that the admiralty doctrine of laches applies to the plaintiff's claims against it – those specific claims being unidentified – and a one-sentence, unsupported assertion that the one-year prescriptive period for torts is relevant in determining whether plaintiffs' "claims" are barred. Plaintiffs, however, argue their "claims" pled against J&T do not sound exclusively in tort, but fail to further argue which claims sound in tort, which claims are contractual or quasi-contractual, and what law applies to each discrete claim. Because of the manner in which the issues have been presented to the Court, this Court cannot determine whether

---

              liberative prescription of ten years.

La. Civ. Code art. 3499 (West 2011).

    [3] Article 3500 states:

        An action against a contractor or an architect on account of defects of construction, renovation, or repair of buildings and other works is subject to a liberative prescription of ten years.

La Civ. Code art. 3500 (West 2011).

J&T and Alea are entitled to the relief they seek. Consequently, the instant motions for summary judgment [Docs. 149 & 150] are DENIED for failure of J&T and Alea to carry their burdens.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __21__ day of March 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE