RECEIVED

MAR 3 0 2011 ᑯᒧ

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| RYAN MARINE SERVICES, INC., ET AL | CIVIL ACTION NO. 06-2245 (LEAD)<br>08-0167 (MEMBER) |
| VERSUS | JUDGE DOHERTY |
| HUDSON DRYDOCKS, INC. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is the Motion for Reconsideration [Doc. 185] filed by defendant and third-party plaintiff Hudson Drydocks, Inc. ("Hudson"). Despite the lack of a formal response, the parties informally argued the motion to this Court on March 25, 2011, and thereafter provided additional evidence for the Court's consideration. This Court is now ready to issue its ruling.[1]

In the instant motion, Hudson seeks reconsideration of this Court's January 21, 2011 Memorandum Ruling and Order [Docs. 153 & 154], wherein the Court granted in part and denied in part Hudson's Motion for Partial Summary Judgment [Doc. 126]. With respect to the relevant issue upon which Hudson seeks reconsideration herein – whether and to what extent Ryan Marine is entitled to loss of use damages – this Court denied Hudson's motion for partial summary judgment, concluding there are genuine issues of material fact concerning the date the fire-related repairs were completed, and further concluding Hudson had failed to carry its burden to show it was entitled to the relief requested.

At issue in the instant motion are two time periods: the time period before December 2, 2006,

---

[1] Because the instant motion was filed forty-seven days after this Court issued its Memorandum Ruling on Hudson's Motion for Partial Summary Judgment [Doc. 126], the motion is properly considered under the standard of review afforded by Rule 60(b) – rather than Rule 59(e) – of the Federal Rules of Civil Procedure.

and the time period between December 2, 2006 to February 5, 2007. In its original motion, Hudson did not separate and break out the two different time periods at issue. After Hudson's original motion was denied, Hudson waited forty-seven days to file the instant motion for reconsideration. In the instant motion, Hudson seeks to clarify and expound upon its earlier argument by breaking out the two separate time periods and by arguing Ryan Marine is not entitled to loss of use damages for the time period before December 2, 2006.

Because Hudson did not break down the two time periods in its original motion, Ryan Marine's response to that motion also did not break down the time periods. Now that Hudson seeks to clarify its original argument, Ryan Marines requests an opportunity to address this nuanced argument and present evidence that more specifically supports its argument. Ryan Marine argues, generally, that the fire-related repairs delayed the *entire* process of readying the vessel for charter, including the application for, and obtaining of, ABS and Coast Guard certification. Ryan Marine requests an opportunity to present additional evidence that more specifically and particularly breaks apart the two concepts of the drawings for the living quarters and the ABS and USCG certification process. Therefore, both parties wish to add further argument and evidence. Accordingly, this Court engaged in informal argument by counsel and allowed Ryan Marine to submit its evidence, which already exists in the discovery, which Ryan Marine argues supports its argument as to Hudson's new motion. Although the evidence presented by Ryan Marine is admittedly vague as to the distinction between the drawings and the overall ABS/USCG certification process, this Court cannot say the evidence submitted is completely unsupportive of Ryan Marine's argument.

In light of all of the above and the impending pre-trial conference set on April 19, 2011 and the trial date set on May 9, 2011, this Court declines to exercise its discretion to allow the new

argument of Hudson, particularly under the more onerous standard of Rule 60(b).  Thus, the matter

of the extent of loss of use damages will be one for determination by the trier of fact at trial.[2]

Considering the foregoing,

IT IS ORDERED that Hudson's "Motion for Reconsideration" [Doc. 185] is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 30th day of March 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[2] The parties are urged to review and consider the following cases addressing the issue of loss of use damages when preparing their joint jury instructions: *Johnson v. Otto Candies*, 828 F.2d 1114 (5th Cir. 1987); *Delta Marine Drilling Co. v. M/V Baroid Ranger*, 454 F.2d 128 (5th Cir. 1972); *Clyde S.S. Co. v. City of New York*, 20 F.2d 381 (2nd Cir. 1927).