# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | | |
|---|---|---|
| RYAN MARINE SERVICES, INC., | * | CIVIL ACTION NO. 06-2245 |
| ET AL | | |
| VERSUS | * | MAGISTRATE JUDGE HILL |
| HUDSON DRYDOCKS, INC., ET AL | * | BY CONSENT OF THE PARTIES |

## <u>RULING ON MOTIONS FOR SUMMARY JUDGMENT</u>

Pending before the Court are the Motion for Summary Judgment filed by defendant, J&T Contractors, Inc. ("J&T"), on December 22, 2010 on the grounds of laches, [rec. doc. 149], and the Motion for Summary Judgment of Alea London Limited ("Alea") against Ryan Marine Services, Inc. ("Ryan") and Columbia Star, Inc. ("Columbia"), filed on December 22, 2010 [rec. doc. 150], adopting J&T's motion. Defendant, Hudson Drydocks, Inc. ("Hudson"), filed opposition on February 16, 2011. [rec. doc. 174].  Plaintiffs, Ryan Marine Services, Inc. and Columbia Star, Inc., filed opposition on February 18, 2011. [rec. doc. 178].

J&T filed a Reply to Hudson's Opposition Regarding Laches on February 22, 2011. [rec. doc. 180].  J&T filed a Reply to plaintiffs' Opposition Regarding Laches on February 23, 2011. [rec. doc. 182].  Alea filed a Reply to Response of Hudson on February 22, 2011.  [rec. doc. 181].  Alea filed a Reply to plaintiffs' opposition on February 23, 2011. [rec. doc. 183].

The Court held oral argument on June 20, 2011, after which the Court took the motions under advisement.  For the following reasons, the motions are **DENIED**.

### *Background*

On December 29, 2005, Ryan entered into a written time and materials contract with Hudson to repair and overhaul a vessel, the M/V RMS CITATION, which was owned by Columbia and operated by Ryan.  The repair work actually began two days earlier on December 27, 2005, and was completed in late September, 2006.

During the course of the repair work, the vessel caught fire.  Ryan asserts that Hudson's unqualified personnel caused the fire.  Additionally, plaintiffs contend that the cleanup and repair after the fire caused the vessel to be in drydock for an unreasonably long period of time.  Plaintiffs also argue that Hudson overcharged or misrepresented the nature of its services.

On November 22, 2006, Ryan and Columbia filed an action for breach of contract and fraud against Hudson. On November 4, 2009, plaintiffs filed a Second Amended and Supplemental Complaint.  Plaintiffs alleged that as the trial neared, Hudson indicated that it was going to deny liability and claim that any negligent or incompetent work was the fault of J&T.  Accordingly, plaintiffs added J&T and Alea, its insurer, as defendants.

On December 22, 2010, J&T and Alea filed the instant motions for summary judgment, asserting that plaintiffs' action is barred by the doctrine of laches.

-2-

### *Summary Judgment Standard*

Fed. R. Civ. Proc. 56(a) provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The standard for granting summary judgment remains unchanged after the 2010 amendments.  Advisory Committee Notes to Subdivision (a).

### *Analysis*

J&T and Alea assert that plaintiffs' claim is time-barred under the admiralty doctrine of laches.  Laches is a flexible measure of time within which a claim in admiralty must be asserted.  *Florida Bahamas Lines, Limited v. Steel Barge Star 800 of Nassau*, 433 F.2d 1243, 1250 (5th Cir. 1970).  The two important constituent elements are: (i) an unreasonable delay by one party in the assertion of his remedy, and (ii) prejudice to another as a result of the delay.  *Id*.  The crucial question is whether it would be inequitable because of the delay in bringing suit to enforce the claim.  *Id.*  The answer depends on the particular circumstances of the individual case.  *Id*. (*citing Young v. The Key City*, 14 Wall. 653, 81 U.S. 653, 20 L.Ed. 896 (1872)).

_____The Fifth Circuit applies an analogy rule to determine which party bears the burden of proof with regard to unreasonable delay and prejudice.  *Mecom v. Levingston Shipbuilding Co.*, 622 F.2d 1209, 1215 (5th Cir. 1980).  Under this rule, the Court must determine which statute of limitations period is most analogous to the claim at hand.  *Id*.

When a plaintiff files his claim in admiralty within the analogous statutory period, the defendant must show inexcusable delay and resulting prejudice in order to establish a laches defense.  *Id*. Where the analogous limitations period has run prior to instituting suit, the plaintiff must prove either absence of prejudice or excuse for the delay in order to defeat a defense of laches so that the case can proceed.  *Deutsche Shell Tanker-Gesellschaft mbH v. Placid Refining Co. .*, 767 F.Supp. 762, 781 (E.D. La.1991) (*quoting Mecom* at1215).

Laches is primarily an exercise of discretion of the trial court and should not be determined by a mere reference to, and a mechanical application of, the statute of limitations.  *Gardner v. Panama R. Co.*, 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31 (1951). The equities of the parties must be considered as well.  *Id*. Where there has been no inexcusable delay in seeking a remedy and where no prejudice to the defendant has ensued from the mere passage of time, there should be no bar to relief.  *The Key City, supra*.  The existence of laches is a question of fact to be decided by the court after weighing the equities as they appear from the facts of each case.  *McDaniel v. Gulf & South American Steamship Co.*, 228 F.2d 189 (5th Cir. 1955).

J&T argues that the analogous statute of limitation is one year as set forth in Louisiana Civil Code article 3492 for delictual actions.[1]  It asserts that plaintiffs should have been aware that Hudson hired contract workers to perform work on the CITATION,

---

[1]J&T points out that its motion is not directed at the contractual claims brought by Hudson based on the warranty of workmanlike performance, but, rather, on the tort claim only.

-4-

and that its delay in commencing suit against contractor J&T until nearly four years after the incident at issue is unreasonable.  J&T further contends that it was prejudiced by the delay, because it was prevented from performing a complete and timely investigation, and that the welder who allegedly caused the fire no longer works for J&T and cannot be located.

Plaintiffs assert they did not learn the identity of the contract welder's employer until late September, 2009.  Only then, they allege, did Hudson locate a contract with J&T which might provide for indemnity, and plaintiffs learned for the first time that Hudson was taking the position that Hudson was going to deny liability for the fault of its contractors.

The Court agrees that Louisiana Civil Code art. 3492 provides the analogous limitation period under state law (one year), for the tort claims asserted against J&T. Accordingly, plaintiffs have the burden of proving excuse for their delay or that J&T has not been prejudiced by the delay.  *Union Pacific Railroad Company v. Dunham Price Marine*, LLC, 2008 WL 3539726 (W.D. La. Aug. 13, 2008).  Proof of delay alone is not sufficient to bar suit because an excusable delay does not support a laches defense.  *Id*.

Further, the Court must determine whether the party against whom the claim is asserted has been unduly prejudiced as a result of the delay.  *Id*. "[P]rejudice because of delay in asserting a maritime claim is not established merely because one loses what he otherwise would have kept; rather the delay must subject him to a disadvantage in

-5-

asserting or establishing his claimed right or defense." *Id*. (*quoting Akers v. State Marine Lines, Inc*., 344 F.2d 217, 220 (5th Cir. 1965).

Prejudice may be established if the party being sued is unable to mount a defense as a result of the delay.  *Id*.  "'Defense prejudice' may include the loss of records, destruction of evidence, fading memories, or unavailability of witnesses." *Id.* (*citing Gardner*, 342 U.S.29, 72 S.Ct.12).

Here, plaintiffs have produced evidence that prior to the fall of 2009, Hudson had taken the position that it, and not an independent contractor, was legally responsible for the fire at issue.  On November 2, 2007, Lance Devillier testified that a fitter from a "contract company" had started the fire. [rec. doc. 178, Exhibit E, p. 93].  By answers to interrogatories dated January 2, 2008, Hudson asserted that a contractor welder had started the fire. [rec. doc. 178, Exhibit A, Response to Interrogatory No. 18].  The contractor was apparently not further identified.

However, in the Rule 30(b)(6) deposition of Hudson, taken on November 17, 2008, Hudson's owner, Wendel Huddleson, acknowledged that Hudson's foremen supervised its contract workers.  [rec. doc. 178, Exhibit B, pp. 34, 35, 41).  In his supplemental deposition dated March 26, 2009, Huddleston testified that an employee of Hudson had caused the fire.  [rec. doc. 178, Exhibit C, pp. 9-11, 14, 21-22].  Kenneth Helmrich, who was deposed in 2007, also testified that a Hudson's employee had started the fire. [rec. doc. 178, Exhibit D, pp. 17-21; Exhibit E, pp. 93-94, 100, 104-05].

Accordingly, an issue of fact exists as to when plaintiffs actually learned of a potential claim against J&T, and when the claim became viable to assert.

As to prejudice, J&T argues that it was never notified that its employees were alleged to be involved in the fire until it was served with the lawsuit nearly four years later. [rec. doc. 149, p. 3].  However, the deposition testimony of J&T's corporate representative (John Yates), taken pursuant to Fed. R. Civ. P. 30(b)(6), reveals that J&T knew about the fire within "a couple of days" after it occurred in January 2006.  Yates testified that he did no investigation in an attempt to determine the possible cause of the fire although his company had welders on-site. [rec. doc. 178, Exhibit G, pp. 21-22; 35]. Accordingly, the Court finds that an issue of material fact exists as to when J&T became aware of the possibility of a claim against it for the fire damage.  If J&T was aware that a potential claim could be asserted against it for the fire damage within a "couple of days" of the incident, and did no investigation by, at the very least, talking to its own employees on-site, it is hard for the Court to find that J&T was actually prejudiced by the delay until November 2009 when suit was filed.

To reiterate, the defense of laches is a question of fact.  *McDaniel, supra.*  Here, issues of material fact exist as to when J&T had knowledge of the incident, whether J&T was actually prejudiced by plaintiffs' delay in naming it in the suit and when the plaintiff had sufficient facts (and the legal need) to file this claim against J&T and its insurer. Accordingly, summary judgment cannot be granted.

## *Conclusion*

For the foregoing reasons, the Motions for Summary Judgment on laches filed by

J&T and its insurer, Alea, is hereby  **DENIED.**

August 23, 2011, Lafayette, Louisiana.


_C. Michael Hill_

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE